UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS SERRANO,

                 Petitioner,

       -against-

MICHAEL ROYCE,

                 Respondent.

20-CV-6660 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Petitioner, currently incarcerated at Green Haven Correctional Facility, filed this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. By order dated August 26, 2020, the Court granted Petitioner leave to proceed *in forma pauperis* (IFP). The Court directs Petitioner to file an amended petition within sixty days of the date of this order as detailed below.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se*

litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner submits a form petition seeking relief under 28 U.S.C. § 2254. Attached to the petition is a letter in which Petitioner requests a one-year extension to file his federal *habeas* petition so that he may file a motion to vacate his judgment in state court. Petitioner does not describe any of his grounds for seeking *habeas corpus* relief.

Publicly available records indicate that the New York State Supreme Court, Appellate Division, Third Department, affirmed Petitioner's conviction, and that the New York State Court of Appeals denied him leave to appeal. *See People v. Serrano*, 173 A.D.3d 1484 (3rd Dep't June 20, 2019), *leave to appeal denied*, 34 N.Y.3d 937 (Aug. 12, 2019). Based on the Appellate Division's decision, it appears that Petitioner raised the following grounds in his appeal: (1) finding that Petitioner was the perpetrator was against the weight of the evidence; (2) finding that defendant evinced an utter disregard for human life and recklessly created a grave risk of death to several individuals was against the weight of the evidence; (3) the photo array was unduly suggestive; (4) electronic communications between Petitioner and his wife were not sufficiently authenticated; and (5) the trial court acted within its discretion in admitting two photographs showing bullet wounds in victim's body. *Serrano*, 173 A.D.3d at 1484-89.

## DISCUSSION

**A.    Rule 2 of the Rules Governing Section 2254 Cases**

A state prisoner must submit a petition that conforms to the Rules Governing Section 2254 Cases. Rule 2(c) requires a petition to specify all of a petitioner's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. A petition must permit the Court and the respondent to comprehend both the

petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

This petition does not conform to the requirements of Rule 2(c). Petitioner fails to specify his grounds for relief and the supporting facts. Mindful of the Court's duty to construe *pro se* actions liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court has analyzed Petitioner's submission and finds that neither the Court nor a respondent could discern the constitutional basis for the petition. Accordingly, the Court grants Petitioner leave to file an amended petition.

**B.     Exhaustion of State Court Remedies**

A state prisoner must exhaust all available state remedies before filing a petition for a writ of *habeas corpus* under § 2254. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with Petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a state's established appellate review process. *Id.* "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

In order to exhaust any issues for purpose of *habeas corpus* review, Petitioner must appeal his judgment of conviction to the New York State Supreme Court, Appellate Division. N.Y. Crim. P. L. § 460.70 (McKinney 2010). Should that court's decision adversely affect Petitioner, he should then seek leave to appeal to the New York Court of Appeals, the highest state court. *Id.* at § 460.20 (McKinney 2010); *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). Should Petitioner raise for *habeas corpus* relief any grounds raised in N.Y. Crim. P. L.

§ 440.10 motions and/or other collateral motions, he must show that those grounds have been completely exhausted by seeking leave to appeal to the New York State Supreme Court, Appellate Division. *Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

Petitioner seeks an extension of time file his § 2254 petition because he has additional claims that he wishes to exhaust in the state courts. It thus appears that some of Petitioner's grounds for *habeas corpus* relief are exhausted, and others are not. A petition containing both exhausted and unexhausted grounds will be treated as a "mixed petition." When presented with a mixed petition, a court has several options: (1) to stay the petition pending total exhaustion, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); (2) to dismiss the petition without prejudice pending total exhaustion, *Zarvela v. Artuz*, 254 F. 3d 374, 380-82 (2d Cir. 2001); or (3) to consider only the exhausted claims if petitioner agrees to abandon his unexhausted claims, *id*. It is generally considered an abuse of discretion for a district court to deny a stay and dismiss a mixed petition if: (1) the petitioner had good cause for his failure to exhaust; (2) his unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277.

The Court directs Petitioner to file an amended petition in which he sets forth all of his grounds for relief, both exhausted and unexhausted.[1] The Court will determine at a later stage how to handle the unexhausted claims. Petitioner is not required to cite case law or make legal arguments in his petition. He only needs to state the relief he is seeking, his grounds for relief,

---

[1] If Petitioner does not raise all of his grounds in a single petition, he will need permission from the Court of Appeals for the Second Circuit to pursue any subsequent petition to litigate unraised grounds. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the application shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

the facts supporting each ground, and the steps he has taken to exhaust them in the New York courts. Petitioner may hand-write the petition, provided it is legible. Petitioner is advised that an amended petition completely replaces the original petition.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. Petitioner is directed to file an amended petition containing the information specified above. The amended petition must be submitted to the Clerk's Office within sixty days of the date of this order, be captioned as an "Amended Petition" and bear the same docket number as this order. An Amended Petition Under 28 U.S.C. § 2254 form is attached to this order, which Petitioner should complete as specified above. Once submitted, the amended petition shall be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated:   August 27, 2020
         New York, New York

                                              _Louis L. Stanton_
                                              Louis L. Stanton
                                              U.S.D.J.