UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

CARLOS SERRANO,

                          Petitioner,

         -against-

MICHAEL ROYCE,

                          Respondent.

-----------------------------------------------------------------X

**ORDER**

20 Civ. 6660 (PMH)(JCM)

      Petitioner Carlos Serrano ("Petitioner") brings this *pro se* habeas petition pursuant to 28 U.S.C. § 2254, challenging his state court conviction following a jury trial in New York State County Court, Sullivan County. (Docket No. 2). Petitioner filed an amended petition ("Amended Petition") on September 28, 2020.[1] (Docket No. 5). By letter dated February 8, 2021, Petitioner requested that his Amended Petition be stayed and held in abeyance for Petitioner to pursue a N.Y. C.P.L § 440.10 motion in state court. (Docket No. 16 at 1[2]). Respondent Michael Royce ("Respondent") opposed Petitioner's motion to stay on March 30, 2021. (Docket No. 18). For the reasons set forth below, Petitioner's request is denied without prejudice.

---

[1] A *pro se* prisoner's papers are deemed filed at the time he or she delivers them to prison authorities for forwarding to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *see also Walker v. Jastremski*, 430 F.3d 560 (2d Cir. 2005) (analyzing the *Houston* "prison mailbox rule"). Petitioner certified that his Amended Petition was delivered to the prison authorities for mailing on September 28, 2020. (Docket No. 5 at 20). Accordingly, because the timeliness of the Amended Petition is not challenged, the Court adopts Petitioner's dates for this filing and all other filings discussed herein.

[2] All page numbers refer to the pagination on ECF unless otherwise specified.

**I. BACKGROUND**

The Court limits the background facts to those necessary for the present application. The instant Amended Petition stems from an incident that occurred on June 28, 2016, when Petitioner fatally shot Juan Medina ("Medina") while Medina was standing outside of his home in Monticello, New York. (Docket No. 12 at 583–85, 714). At the time of the shooting, Medina was romantically involved with Petitioner's ex-wife, Deanna Irizarry ("Irizarry"). (*Id.* at 93). Petitioner approached Medina's house on foot, observed him standing on his front porch, and immediately opened fire on Medina, despite the fact that three neighbors, including an eight-year-old child, were standing just a few feet away. (*Id.* at 589–91, 654–55).

After a trial before the Honorable Frank J. LaBuda, Petitioner was found guilty of Murder in the Second Degree, Criminal Possession of a Weapon in the Second Degree and Reckless Endangerment in the First Degree. (*Id.* at 922). Petitioner was sentenced to twenty-five years to life imprisonment on May 19, 2017. (*Id.* at 954).

Petitioner perfected his direct appeal to the New York State Appellate Division Third Department ("Appellate Division") on November 8, 2018, (Docket No. 11 at 109–61), which was denied in its entirety on June 20, 2019, *see People v. Serrano*, 173 A.D.3d 1484 (3d Dep't 2019). Petitioner filed an application for leave to appeal to the New York State Court of Appeals ("Court of Appeals") on June 25, 2019. (*Id.* at 54–58). The Court of Appeals issued a certificate denying leave on August 12, 2019. (*Id.* at 67). Thereafter, on August 18, 2020, Petitioner filed a petition for federal habeas corpus relief. (Docket No. 2). On August 27, 2020, the Honorable Louis L. Stanton ordered Petitioner to submit an amended petition conforming to Rule 2(c) of the Rules Governing Section 2254 Cases, which requires a petitioner to set forth available grounds for relief and supporting facts. (Docket No. 4). Petitioner filed the instant Amended Petition on

September 28, 2020, (Docket No. 5 at 20), which Respondent answered on December 4, 2020, (Docket No. 10). Petitioner then wrote to the Court on February 8, 2020 requesting to stay his Amended Petition so that he could collaterally attack his conviction in state court, based on his alleged discovery of "new evidence, *i.e.* [the] [r]ecantation" of a witness's testimony that "directly contradict[s] his criminal court conviction" and "establish[es]" his "innocen[ce]." (Docket No. 16 at 1–2). Construing this *pro se* filing liberally, *see, e.g.*, *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996), the Court interprets Petitioner's application as requesting to: (1) stay the Amended Petition so that Petitioner can exhaust a new claim of actual innocence based on newly discovered evidence; and (2) amend his Amended Petition to add this claim.

## II. LEGAL STANDARD

### A. Standard to Stay

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court clarified the district courts' authority to issue a stay and abeyance of habeas corpus petitions in limited circumstances. The purpose of the stay and abeyance mechanism is "to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to the federal court for review of his perfected petition." 544 U.S. at 271–72. Thus, as a preliminary matter, only a "mixed petition," one that contains both exhausted and unexhausted claims, may be stayed and held in abeyance. *See id.* at 278; *accord Ortiz v. Heath*, No. 10–CV–1492 (KAM), 2011 WL 1331509, at *14 (E.D.N.Y. Apr. 6, 2011) (stay and abeyance procedure only applies to mixed petitions).[3] Additionally, a stay and abeyance may only be granted if: "(1) good cause exists for

---

[3] If Petitioner does not have access to cases cited herein that are available only by electronic database, then he may request copies from Respondent's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not 'plainly meritless'[;] and (3) the petitioner has not engaged in intentionally dilatory litigation tactics." *Ortiz*, 2011 WL 1331509, at *14 (citing *Rhines*, 544 U.S. at 277–78).

## B. Standard to Amend

Rule 15 of the Federal Rules of Civil Procedure ("Rule 15"), made applicable to habeas proceedings by 28 U.S.C. § 2242, Rule 81(a)(2) of the Federal Rules of Civil Procedure and Habeas Corpus Rule 11, "allows pleading amendments with 'leave of court' any time during a proceeding." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (quoting Fed. R. Civ. P. 15(a)). However, this rule is limited by the 1-year statute of limitations period set forth by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1); *Mayle*, 545 U.S. at 654. Therefore, if an amendment is filed after the statute of limitations period has expired, a new claim is untimely unless it relates back to the claims in the original, timely petition. *Mayle*, 545 U.S. at 655 (citing Fed. R. Civ. P. 15(c)(2)). An amendment relates back to the original petition if it asserts new grounds for relief based on the same conduct, transactions or occurrences as those claims in the initial petition. *See Landri v. Smith*, 14-cv-9233(NSR) (JCM), 2016 WL 828139, at *3 (S.D.N.Y. Feb. 29, 2016) (citing *Pierre v. Ercole*, 607 F. Supp. 2d 605, 608 (S.D.N.Y. 2009)).

Furthermore, leave to amend should be denied where the proposed new claim would be futile, either because it fails to comply with the aforementioned procedural requirements or it lacks merit. *See, e.g.*, *Ortiz*, 2011 WL 1331509, at *14; *Hoover v. Senkowski*, No. 00 CV 2662(SJ), 2003 WL 21313726, at *11–12 (E.D.N.Y. May 24, 2003); *see also Mayle*, 545 U.S. at 656 (Habeas Corpus Rule 4 mandates that a Court "'summarily dismiss'" a petition if "'it plainly

appears . . . that the petitioner is not entitled to relief in the district court.'") (quoting Habeas Corpus Rule 4).

### III.  DISCUSSION

Petitioner's proposed claim — that recently discovered evidence establishes his innocence — is not included in the Amended Petition. (*See* Docket No. 16).  Thus, while Petitioner does not seek leave to amend at this juncture, the Court assumes that Petitioner will do so after exhausting his claim in a N.Y. C.P.L. § 440.10 proceeding. (*See id.* at 1).  Accordingly, the Court will first consider whether Petitioner should be granted leave to amend his Amended Petition under Rule 15.[4]

The Court finds that Petitioner's actual innocence claim lacks merit and that amending the Amended Petition to include such a claim would be futile. *See Ortiz*, 2011 WL 1331509, at *14.  A freestanding claim of actual innocence based on newly discovered evidence is not a basis for federal habeas relief. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Roasrio v. Ercole*, 582 F. Supp. 2d 541, 559 (S.D.N.Y. 2008), *aff'd*, 601 F.3d 118 (2d Cir. 2010) ("Neither the Supreme Court nor the Second Circuit has recognized a freestanding claim of actual innocence as a basis for habeas relief.").  The Supreme Court instructs that the mere existence "of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus," absent an accompanying constitutional violation. *Herrera*, 506 U.S. at 400 (quoting *Townsend v. Sain*, 372 U.S. 293, 317 (1963) (overruled on other grounds)).  This rule stems from the supposition that "federal habeas courts sit to ensure that individuals are not

---

[4] While actual innocence "may arguably provide a basis not to apply the statute of limitations imposed by AEDPA," *Roasrio v. Ercole*, 582 F. Supp. 2d 541, 559 (S.D.N.Y. 2008), *aff'd*, 601 F.3d 118 (2d Cir. 2010), because the Court finds that Petitioner's proposed claim is futile, *see infra*, the Court need not decide whether AEDPA's statute of limitations applies in the instant case, or whether Petitioner's new claim relates back to the claims in the Amended Petition.

imprisoned in violation of the Constitution — not to correct errors of fact." *Id.* Petitioner's letter does not assert an independent constitutional violation accompanying his claim of actual innocence. (*See* Docket No. 16). Indeed, Petitioner informs the Court only that he has "discovered new evidence in his state court conviction, *i.e.* recantation by the witness testimony, directly contradicting [] his criminal court conviction." (*Id.* at 1). This assertion, alone, does not raise a claim that is cognizable on federal habeas review.

Moreover, whereas "[a]cutal innocence may excuse a procedural default," Petitioner's actual innocence claim is facially insufficient to overcome a default. *See Rosario*, 582 F. Supp. 2d at 559. "[A] successful claim for actual innocence" for purposes of surmounting a default "requires . . . new and reliable evidence making it more likely than not that no reasonable juror presented with that evidence would have convicted the petitioner." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner does not inform the Court of *any* new evidence undermining his conviction, let alone reliable evidence of his innocence sufficient to rebut the ample evidence presented against him at trial, which included eyewitness testimony from several individuals who knew Petitioner and witnessed the shooting from a close distance (one of whom was Irizarry), as well as electronic messages to Irizarry threatening Medina. *See Serrano*, 173 A.D. 3d at 1485–88. As the claim Petitioner seeks to add to his federal habeas corpus proceeding is facially meritless, a proposed amendment seeking to add such a claim would be futile. *See Ortiz*, 2011 WL 1331509, at *14. Thus, leave to amend the Amended Petition to include this claim would be denied. *See id.* (finding that proposed amendment to add actual innocence claim, which was plainly meritless, would be futile).

Assuming, *arguendo*, that Petitioner's proposed amendment was not futile, Petitioner's request for a stay would nevertheless be denied. Respondent argues that Petitioner fails to

demonstrate good cause and has not provided the Court with enough information to determine whether his actual innocence claim is plainly meritless. (Docket No. 18 at 2). Respondent also notes that as of March 30, 2021, Petitioner has not filed a N.Y. C.P.L. § 440.10 motion. (*Id.*). The Court agrees with Respondent. Petitioner has not demonstrated that he is entitled to a stay. *See Rhines*, 544 U.S. at 277–78. Petitioner fails to show that his proposed claim is not "plainly meritless." *See id.* at 277. As discussed, *supra*, Petitioner's claim concerning newly discovered evidence of his innocence, without an accompanying constitutional violation, is not cognizable on federal habeas review. *See Herrera*, 506 U.S. at 400; *Ortiz*, 2011 WL 1331509, at *14–15 (finding petitioner's claim of actual innocence, which "itself cannot be a free-standing basis for federal habeas review," to be "plainly meritless" for purposes of petitioner's motions to amend and stay).

Further, Petitioner has not shown that good cause exists for his failure to exhaust his proposed claim in state court. Generally, courts have held that "in order to show good cause, a petitioner must, at the very least, demonstrate that the failure to exhaust is attributable to 'external factors,' *i.e.*, that the reasons for the failure do not rest with the petitioner." *Clendinen v. Unger*, No. 05 CIV. 7657(PKC), 2006 WL 2465176, at *4 (S.D.N.Y. Aug. 22, 2006). Petitioner has not informed the Court which witness allegedly recanted their testimony, the nature of that witness's testimony at trial, or crucially, *when* Petitioner received notice of the purported recantation and why he was unable to ascertain this information at an earlier time. (*See* Docket No. 16). Petitioner merely asserts that he "has discovered new evidence," which is insufficient to show that his failure to exhaust can be attributed to factors out of his control. *See Perkins v. LaValley*, No. 11 Civ. 3855 (JGK), 2012 WL 1948773, at *1 (S.D.N.Y. May 30, 2012) (denying stay in part because petitioner "offered no explanation for his failure to exhaust"

proposed *Brady* claim in state court and did not articulate "*when* he [received] notice of the alleged *Brady* violation") (emphasis added); *cf Fernandez v. Artuz*, No. 00 Civ. 7601(KMW)(AJP), 2006 WL 121943, at *7 (S.D.N.Y. Jan. 18, 2006) (finding that the petitioner established "good cause" for a stay where he submitted the sworn affidavits of two identification witnesses recanting their trial testimony, as well as an affidavit from one of the victims attesting that petitioner was not the shooter, and emphasizing that petitioner "filed his C.P.L. § 440 motion to exhaust his unexhausted claim . . . *before* making his motion for a stay.") (emphasis in original). Thus, Petitioner fails to establish good cause. Consequently, staying the Amended Petition to allow Petitioner to exhaust his proposed claim would constitute an abuse of discretion. *See Ortiz*, 2011 WL 1331509, at *15.[5]

## IV. CONCLUSION

For the foregoing reasons, Petitioner's application for a stay is denied. The Clerk of Court is respectfully requested to terminate the pending motion, (Docket No. 16), and to mail a copy of this Order to the *pro se* Petitioner.

Dated:  April 21, 2021
        White Plains, New York

                                        **SO ORDERED:**

                                        */s/ Judith C. McCarthy*
                                        JUDITH C. McCARTHY
                                        United States Magistrate Judge

---

[5] Although "there is no indication that" Petitioner "engaged in intentionally dilatory tactics," *see Rhines*, 544 U.S. at 278, the absence of this factor does not preclude the Court from denying Petitioner's motion to stay, *see, e.g., Ortiz*, 2011 WL 1331509, at *15.