UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS SERRANO,

                Petitioner,

- against -

MICHAEL ROYCE,

                Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

20-CV-06660 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Carlos Serrano ("Petitioner") was arrested on June 28, 2016 in connection with the shooting of his ex-wife's boyfriend, Juan Medina. (Doc. 11-1 at SR163-SR164). Petitioner was indicted on July 6, 2016, in the County Court for Sullivan County, New York for: (1) Murder in the Second Degree; (2) Criminal Possession of a Weapon in the Second Degree; and (3) Reckless Endangerment in the First Degree. (*Id.*). Police conducted a photo array with Jennifer Colton, who was present the night of the shooting. (Doc. 11 at SR103-SR106). The police used a double blind procedure where the officer conducting the photo array was not involved in the investigation, did not know if any of the individuals in the array were suspects, and did not know the Petitioner's identity. (*Id.*). The photo array contained pictures of six individuals, two of whom, including Petitioner, were wearing orange clothing. (*Id.*). Each of the subjects had tattoos on their neck, but only Petitioner had a lettered tattoo. (*Id.*). Ms. Colton identified Petitioner as the shooter on the night of June 28, 2016. (*Id.*). Petitioner moved to suppress the identification, arguing that the photo array was unduly suggestive since Petitioner was wearing orange clothing, which could resemble prison garb, and was the only subject in the photo array that had a lettered neck tattoo. (Doc. 11-1 at SR207-SR212). The Sullivan County Court denied Petitioner's motion to suppress and the case

proceeded to trial. (*Id.*). Ms. Colton, at trial, identified Petitioner as the individual she recognized in the photo array who was the shooter on June 28, 2016. (Doc. 11-1 at SR287-SR288).

The State also sought to introduce text and social media messages from Petitioner's phone showing his previous threatening behavior and Petitioner objected, arguing that the State had not established that it was his phone or that he sent the messages recovered from the phone. (*Id.* at SR213-SR219). The Court overruled the objection, holding that there was overwhelming evidence that the phone belonged to him, including testimony from a computer forensic technician, who explained that was extremely unlikely that anyone without the phone's passcode could have sent the messages. (*Id.*). Regardless of whether someone else could have accessed the phone, the trial court held that authorship of the messages was a factual question for the jury. (*Id.*). Petitioner objected to the introduction of photographs of Mr. Medina's body, claiming they were unduly prejudicial and irrelevant since he was not contesting the cause of death. (Doc. 12, Trial Tr. at 502:7-509:13). The trial court ordered the State to crop out the more gruesome parts of the images, but otherwise overruled the objection holding that they were relevant to Petitioner's intent. (*Id.*).

Petitioner was convicted on all three counts of the indictment on February 28, 2017. (*Id.* at 755:21-757:2). Petitioner was sentenced on May 19, 2017, to a term of: (1) 25 years to life for the Murder in the Second Degree charge; (2) 15 years for the Criminal Possession of a Weapon in the Second Degree charge; and (3) two and a third to seven years for the Reckless Endangerment in the First Degree charge—to run concurrently. (*Id.*, Sentencing Tr. at 40:19-53:4). Petitioner filed an appeal on November 5, 2018, and Supreme Court of the State of New York, Appellate Division, Third Judicial Department affirmed Petitioner's conviction on all three counts by Decision & Order dated June 30, 2019. *See People v. Serrano*, 173 A.D.3d 1484 (3d Dep't 2019). Petitioner sought leave to appeal the Third Department's decision to the New York Court of Appeals, which

was summarily denied on August 12, 2019. *See People v. Serrano*, 133 N.E.3d 432 (N.Y. 2019).

Petitioner initiated the instant action—a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254–on August 18, 2020 and filed an Amended Petition on October 2, 2020. (Doc. 2; Doc. 5). The Amended Petition asserted four claims: (1) the trial court improperly allowed the State to introduce photographs of the victim's body into evidence, depriving him of a fair trial; (2) evidence of Petitioner's identification through a photo array should have been excluded since the photo array was unduly suggestive; (3) the trial court should not have allowed the State to introduce text messages from Petitioner's phone into evidence as they were not properly authenticated; and (4) the grand jury proceedings were defective and Petitioner's pre-trial motion to dismiss should have been granted as a result. (Doc. 5 at 7-15). The State filed its opposition on December 4, 2020. (Doc. 10; Doc. 11; Doc.12). No reply was filed. However, on February 24, 2021, Petitioner requested to stay and hold the proceedings in abeyance as he collaterally attacked his conviction in state court. (Doc. 16). The State opposed that application, (Doc. 18), and the Court denied the request to stay the proceedings on April 21, 2021, (Doc. 19 at 7).

The Court issued an Order of Reference on October 7, 2020 referring the Petition to Magistrate Judge Judith C. McCarthy. (Doc. 7). Magistrate Judge McCarthy issued a Report and Recommendation ("R&R") on December 20, 2023 recommending that the Amended Petition be denied. (Doc. 20). Magistrate Judge McCarthy warned further that "[f]ailure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered." (*Id*. at 31). More than one month has passed since the R&R was mailed to Petitioner, and no objections have been filed.[1]

---

[1] A copy of the R&R was mailed to Petitioner on December 21, 2023. (*See* Dec. 21, 2023 Minute Entry).

3

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999) (citing 28 U.S.C. § 636(b)(1)). "The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Olivo v. Graham*, No. 15-CV-09938, 2021 WL 3271833, at *1 (S.D.N.Y. July 30, 2021) (citing *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Upon a careful and complete review of the R&R, the Court finds that Magistrate Judge McCarthy committed no clear error in concluding: (i) that federal habeas review was not available for evidentiary rulings made by the state trial court with respect to the photographs of the victim's body and the messages recovered from Petitioner's phone; (ii) that Petitioner's claim that the state grand jury proceedings were defective is not cognizable on federal habeas review; and (iii) with respect to the photo array, Ms. Colton's identification of Petitioner was independently reliable even if the photo array was unduly suggestive. The Court finds no clear error in Magistrate Judge McCarthy's thorough and well-reasoned analysis, and adopts the R&R in its entirety for the reasons set forth therein. Accordingly, the Amended Petition is DISMISSED. The Court further holds that because reasonable jurists would not find it debatable that Petitioner has failed to demonstrate by a substantial showing that he was denied a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and close this case.

**SO ORDERED:**

Dated: White Plains, New York
January 25, 2024

_____
PHILIP M. HALPERN
United States District Judge

5